UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
    IN RE:                                                                                CASE NO.: 22-35209-cgm

    Daniel Bagnole,                                        CHAPTER: 13

    Debtor.                                                 HON. JUDGE:
                                                           Cecelia G. Morris
-----------------------------------------------------------------X

## ORDER GRANTING IN REM RELIEF

Upon the motion, dated July 5, 2022, (the "Motion"), of Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust (with any subsequent successor or assign, the "Movant"), for an order, pursuant to sections 362(d)(4) and 362(d)(1)-(2) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Movant's interests 10 Leone Ct, Woodbury, NY 10930, aka 10 Leone Crt, Woodbury, NY 10930 (County: Orange; Section: 223; Block: 1; Lot: 38; f/k/a 23-1-38) (the "Property") to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on August 2, 2022, and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED,** that pursuant to section 362(d)(4) of the Bankruptcy Code, the automatic stay in effect pursuant to section 362(a) of the Bankruptcy Code is vacated upon entry of the within Order and any future filing in any case under the Bankruptcy Code purporting to affect the Property shall not operate as a stay against Movant, its successors and/or assigns for a period of two years marked from entry of the within Order; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under sections 362(d)(1)-(2) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that the co-debtor stay imposed in this case by section 1301(a) of the Bankruptcy Code is vacated under section 1301(c)(3) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $188.00 only from the proceeds of the foreclosure sale; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Movant shall promptly report to the Chapter 13 Trustee any surplus monies realized by any sale of the Property; and it is further

**ORDERED** that the 14 day stay invoked pursuant to F.R.B.P. 4001(a)(3) is waived and this order is effective upon the signing of this order; and it is further

**ORDERED** that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.



**Dated: August 3, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**